IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 649, <br><br> Plaintiff, <br><br> v. <br><br> DEM/EX GROUP, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) No. 10-CV-1335 ) ) ) ) ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff International Union of Operating Engineers Local No. 649's (Union) Motion to Compel Response to Plaintiff's First Request to Produce Documents (d/e 15) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

The Union filed this action under the Labor-Management Relations Act, 29 U.S.C. § 301, to enforce an arbitrator's award. The Union alleges that the Union and Defendant Dem/Ex Group, Inc. (Dem/Ex), entered into collective bargaining agreements (CBAs) on February 14, 2005, and April 7, 2007, commonly known as the Highway & Heavy Construction

Agreements. The Union alleges that it submitted a dispute with Dem/Ex to a Joint Construction Grievance Committee (Committee) pursuant to the terms of the CBAs. The Union alleges that on May 13, 2009, the Committee ruled in favor of the Union and ordered Dem/Ex to make payments to the Union. The Union alleges those payments have not been made. The Union seeks a judgment for $580,514.66 against Dem/Ex due under the Committee's award. Complaint for Arbitration of Award (d/e 1), at 2-3.

Dem/Ex has answered and raised two defenses: (1) the CBAs are not binding on Dem/Ex because the representative of Dem/Ex who signed the CBAs, William Fisher, was not properly authorized to do so; and (2) The CBAs are not enforceable because the Union committed fraud in execution of the 2007 CBA. Answer and Affirmative Defense (d/e 6), at 3-5.

On May 27, 2011, the Union served Dem/Ex with the Plaintiff's First Request to Produce Documents to Defendant (Request to Produce). Motion, Exhibit 1, Request to Produce. On June 30, 2011, Dem/Ex responded to the Request to Produce. Dem/Ex objected to Requests Nos. 1, 2, 4, 5, and 6. Motion, Exhibit 2, Defendant's Response to Plaintiff's First Request to Produce Documents, at 1-3. The parties attempted to resolve the objections. The Union modified its Request No. 2

during these discussions. The parties, however, were not able to resolve the objections. The Union has now filed this Motion.

## DISCOVERY PRINCIPLES

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The rule gives the district courts broad discretion in matters relating to discovery. See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, U. A., 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion).

> [I]f there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible.

Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally.

Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffries v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999).  Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id.  The party opposing discovery has the burden of proving that the requested discovery should be disallowed.  Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co. Inc., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters.  Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir. 2001).  A party must be diligent in pursuing the perceived inadequacies in discovery.  Packman at 647.  However, even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery.  Id.  Remember, we are talking discovery, not admissibility at trial.

ANALYSIS

Request No. 1

Request No. 1 asks for,

All minutes or other records of Defendant which reflect, refer to or discuss the election or appointment of any officer or director of Defendants from the time Defendant became an Illinois corporation through December 31, 2010.

Dem/Ex objects on the grounds that the request is overly broad and unduly burdensome. Dem/Ex argues that the only relevant information regarding appointment of officers and directors is information regarding the appointment of William Fisher in April 2007 when he signed the second CBA. The Court disagrees. Information regarding William Fisher's position with Dem/Ex prior to the execution of the CBA, and in particular, at the time of the execution of the CBA in 2005, may be relevant to the possible question of his apparent authority to bind Dem/Ex in 2007. Dem/Ex's practices in following corporate formalities generally may also be relevant. If, for example, the records show that Dem/Ex did not follow corporate formalities to appoint officers and directors, such evidence may tend to show that Dem/Ex may not follow corporate formalities to take other actions, including executing agreements like the CBAs.

The Court agrees, though, that extending the request back to the inception of the corporation is not necessary. The first CBA was allegedly

executed in February 2005. The Court, therefore, limits the request to the time frame of January 1, 2004, to May 13, 2009, the date of the Committee's award to the Union. That should provide sufficient information without being unduly burdensome. The Motion is allowed in part. Dem/Ex is ordered to produce the requested documents for the limited time frame of January 1, 2004, to May 13, 2009.

Request No. 2

Request No. 2, as modified during the parties' attempt to resolve the objections, asks for,

> All documents which show or purport to show that Defendant entered into a collective bargaining agreement with any union for work performed by Defendant from the date of its inception as an Illinois corporation through December 31, 2010.

Motion, Exhibit 3, Letter dated July 7, 2011. Dem/Ex argues that the request is overly broad and unduly burdensome and asks for irrelevant material. Dem/Ex argues that its agreements with other unions are irrelevant to this case. The Court again disagrees. Dem/Ex has put the execution of the CBA at issue. The circumstances under which Dem/Ex executed other collective bargaining agreements is directly relevant to the scope of authority of its officers to execute such agreements. The experience that William Fisher had in executing collective bargaining

agreements is also relevant to the claim that he was defrauded in the execution of the 2007 CBA.

The Court, however, agrees that the time frame should be more limited. As with Request No. 1, the time frame is limited to January 1, 2004, to May 13, 2009. The Motion is allowed in part. Dem/Ex is ordered to produce the requested documents for the limited time frame of January 1, 2004, to May 13, 2009.

Request No. 4

Request No. 4 asks for,

All documents which reflect any action taken by or on behalf of Defendant to liquidate, sell, transfer, give, or otherwise dispose of any of its assets on or after May 13, 2009.

The Union states that it has asked for this information because counsel for Dem/Ex has informed the Union's counsel that Dem/Ex is no longer in operation, and because the wife of the one of the principles of Dem/Ex now owns a company called Demolition Excavating Group, Inc. (DEG), and DEG is buying Dem/Ex's equipment. Brief in Support of Motion to Compel Discovery (d/e 16) (Union Brief), Exhibit 4, Affidavit of Darren D. Smith, ¶¶ 4-11, and Exhibit 5, City of Galesburg Annual Demolition Contractor Registration for Demolition Excavating Group, Inc., dated June

16, 2011. The Union seeks the information to determine whether DEG is a successor to Dem/Ex.

Dem/Ex objects and argues that this inquiry is not relevant at this time. Dem/Ex argues that this inquiry would only be relevant if the Union prevails on its claim. The Court again disagrees. The information is relevant in this case to allow the Union to determine whether DEG should be added as a party to this case as a successor to Dem/Ex. Successor liability attaches if the purchaser of the business had notice of the predecessor's liability and if there is substantial continuity in the operation of the two businesses. Moriarty v. Svec, 164 F.3d 323, 327 (7th Cir. 1998). If DEG is a successor, then the Union may want to add DEG as a defendant to secure complete relief. DEG may also want to be a party to protect its interest in the outcome of this case. The Motion to Compel is allowed. Dem/Ex is ordered to produce the requested documents.

Request No. 5

Request No. 5 asks for,

All documents which reflect the salary, earnings, fees or other compensation paid to each officer of Defendant on or after May 13, 2009.

Dem/Ex objects that the documents sought are not relevant at this time. The Court agrees. The compensation paid to officers and directors in 2009 and beyond is not relevant at this time. The Union argues that this

information may be relevant to show William Fisher's authority to sign the CBA.  Union Brief, at 2.  The Court disagrees.  His compensation in 2010 and 2011 does not tend to show his authority as an officer or director to bind Dem/Ex in 2007.  The Motion is denied with respect to this request.

Request No. 6

Request No. 6 asks for,

All documents which reflect, refer to or list any job or work performed by Defendant from May 13, 2009 to the present, including all payments received by Defendant by such job or work, all invoices issued by Defendant for such job or work and all amounts shown as accounts receivable of Defendant, its successors or assigns for any work or job performed by Defendant from May 13, 2009 to present.

Dem/Ex again objects on relevance grounds.  The Court agrees that evidence of work done by Dem/Ex after May 13, 2009, generally is not relevant to the claims presented.  The only aspect of the request that might be relevant would be documents showing that a successor or assign held or holds an account receivable for work performed by Dem/Ex after May 13, 2009.  This may be relevant to show continuity of operation between Dem/Ex and any successor.  See Moriarty, 164 F.3d at 327.  The Motion is therefore allowed in part.  Dem/Ex is directed to produce any documents that show that a successor or assign held or holds any accounts receivable for work performed by Dem/Ex after May 13, 2009.  The Motion is otherwise denied with respect to the remainder of this request.

WHEREFORE, Plaintiff International Union of Operating Engineers Local No. 649's Motion to Compel Response to Plaintiff's First Request to Produce Documents (d/e 15) is ALLOWED in part and DENIED in part. Defendant Dem/Ex Group, Inc., is directed to produce the documents as directed by this Opinion by October 17, 2011.

ENTER:    September 20, 2011

            *s/ Byron G. Cudmore*
         BYRON G. CUDMORE
    UNITED STATES MAGISTRATE JUDGE